IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| **PETE ARREDONDO,** *Plaintiff*, | § § § § | **CIVIL ACTION** |
| | § | **CASE NO.: 2:26-CV-18** |
| **V.** | § § | |
| | § | **COMPLAINT PURSUANT TO** |
| | § | **THE ADMINISTRATIVE** |
| **UNITED STATES CUSTOMS** | § | **PROCEDURE ACT,** |
| **AND BORDER PROTECTION,** | § | **5 U.S.C. § 701,** *et seq.* |
| *Defendant.* | § | |

**COMPLAINT EXHIBIT 2:**

Letter from U.S. Customs and Border Protection Chief Counsel Andrew Block, denying *Touhy* Request for *State of Texas v. Pete Arredondo*, dated February 26, 2026



1300 Pennsylvania Avenue, NW
Washington, DC 20229

U.S. Customs and
Border Protection

February 26, 2026

Mr. Matthew J. Hefti
Looney Smith Conrad & Hefti P.C.
11767 Katy Freeway, Suite 740
Houston, Texas 77079

>   Re:   Touhy Request for *State of Texas v. Pete Arredondo*, Case No. 2024-06-16368-CR, 38th Judicial District, Uvalde County, Texas

Dear Mr. Hefti:

The U.S. Customs and Border Protection ("CBP") Office of Chief Counsel ("OCC") is in receipt of your February 9, 2026, request for witness availability and testimony from CBP employees. OCC has considered your request and for the reasons outlined below respectfully declines to supply the testimony requested.

**<u>Legal Standard</u>**

Your request was considered pursuant to CBP's regulations for production or disclosure in federal, state, local, and foreign proceedings that control the disclosure of information by CBP. *See* 5 C.F.R. § 301 (authorizing federal agency heads to prescribe regulations for the conduct of employees and the custody, use, and preservation of agency records). The Department of Homeland Security has promulgated regulations applicable to disclosure of information by CBP. *See* 6 C.F.R. Part 5; 19 C.F.R. Part 103. These regulations have the force and effect of federal law, and the U.S. Supreme Court has expressly recognized the authority of a federal agency to restrict the production of information by its subordinates. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951) (approving federal agencies' use of regulations to govern administrative requests for production of agency documents and testimony).

Thus, no CBP employee may provide official information or testimony without advance authorization granted pursuant to the agency's disclosure regulations. *See* 6 C.F.R. § 5.44(a); 19 C.F.R. § 103.22(a). The agency's disclosure regulations set forth the requirements for service of subpoenas, as well as a specific description of and justification for release of official information or testimony. *See* 6 C.F.R. §§ 5.43-5.45; 19 C.F.R. § 103.22. Additionally, state courts lack jurisdiction to enforce a subpoena seeking testimony or documents from a federal employee or federal agency. *See, e.g.,*

1

*Louisiana v. Sparks*, 978 F.2d 226 (5th Cir. 1992) (state court subpoena issued to federal parole officer quashed on sovereign immunity grounds); *United States v. McLeod*, 385 F.2d 734, 752 (5th Cir. 1967) (state court may not enforce subpoena directing federal officers to testify before state grand jury).

## Analysis

After careful consideration of the applicable factors listed in 19 C.F.R. § 103.23, OCC has determined that several of the factors weigh against providing the requested testimony. We address each of the applicable factors below.

*First.* You have not shown that CBP is the *only* source of the requested information. *See* 19 C.F.R. § 103.23(a)(3)(iii). As your request acknowledges, CBP's Office of Professional Responsibility ("OPR"), released its findings in Case # UF2022586, Case Title: "Uvalde Texas School Shooting w/ Fatalities" ("OPR Report"). The OPR Report as well as the Texas Ranger investigative summaries cited in your request clearly show this information is available from other sources. In fact, the available evidence suggests Texas state and local law enforcement officers were located at the school and in the hallway *alongside* CBP employees whose testimony you requested. It is not clear that your office has exhausted attempts to obtain the information from those officers who were also present on the scene.

Moreover, many of your requests for testimony appear to be attempts to call CBP employees as fact witnesses to elicit expert witness testimony regarding their training and/or what they think a "reasonable officer" would or should have done under similar circumstances. For example, your request states, "Mr. Arredondo's actions must be judged from the perspective of a reasonable officer under similar circumstances." Another part of the request states, "One of the State's allegations is that Mr. Arredondo failed to identify the situation as an active shooter scenario as opposed to a barricaded subject or hostage situation." You have not shown that this information is unavailable through the many Texas state and local law enforcement officers that responded that day. Instead, it appears you intend to use CBP testimony in place of or to corroborate information that can be obtained from other sources.

*Second.* Your request is unreasonable in scope and fails to describe your need for this information with particularity. As you have access to the OPR report and the investigative summaries from the Texas Rangers, it is unclear from your request how testimony from the identified CBP employees is genuinely necessary to the proceedings. Although you have provided us with a summary of the testimony you expect to elicit from each CBP employee, you fail to explain how this information is material and relevant to the case. *See* 19 C.F.R. §§ 103.23(a)(3)(i), (ii). What a CBP employee may have seen or heard at Robb Elementary does not impact the ultimate question before the jury, which is whether your client violated Texas Penal Code § 20.41 through his acts or omissions.

For example, you mention that "One of the State's allegations is that Mr. Arredondo failed to respond as trained" before stating, "It is therefore necessary to discuss each officer's training and experience, which all vary, to show the varying levels of training and to show how the actions of law enforcement – and the responding CBP agents – were reasonable based on each individual's training and experience." The training of a CBP employee is irrelevant to the question of whether your client responded in accordance with his training or not. Further, even if the question was relevant, it is unclear why this same question would need to be asked of all 19 CBP employees listed in your request. Ultimately, specific details of CBP training do not answer the question of whether your client responded as he was trained by his employer. Responding officers from the Uvalde Consolidated Independent School District would be the best witnesses to testify to Mr. Arredondo's training or lack thereof and his actions on May 24, 2022.

*Third.* Providing the identified individuals for trial would unduly interfere with the orderly conduct of CBP business. *See* 19 C.F.R. § 103.23(b)(8). As previously discussed, your request appears to place CBP as the first resort for the information sought, seeking the use of CBP resources to obtain information that is readily available through Texas state and local law enforcement officers and the OPR Report. You seek testimony from 19 CBP employees, which would require CBP to make all 19 officers available before and during the trial, pulling them off duty, incurring travel costs, and lost work hours, which negatively impacts CBP operations and national security.

*Fourth.* Your request appears to seek confidential law enforcement techniques and procedures which are not appropriate for disclosure. *See* 19 C.F.R. § 103.23(b)(5). While it is unclear from your request, it seems likely that questions regarding CBP training and tactics may result in testimony related to confidential law enforcement techniques and procedures. Additionally, as CBP is not a party to this litigation, it has no official interest or information regarding this matter. *See* 19 C.F.R. § 103.23(b)(9).

## Conclusion

Consistent with the foregoing analysis, CBP is unable to supply the requested information. This letter is not intended to contain a complete recitation of CBP's basis for denial of this request, and CBP reserves the right to object to the request on any additional grounds which may be applicable.

Should you have any questions regarding this response, you may contact Assistant United States Attorney Robert Green at robert.green3@usdoj.gov.

Sincerely,

Andrew J. Block
Chief Counsel
U.S. Customs and Border Protection