UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

PETE ARREDONDO,

    *Plaintiff*,

v.

UNITED STATES CUSTOMS AND
BORDER PROTECTION,

    *Defendant*.

Case No. 2:26-cv-00018-AM

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant United States Customs and Border Protection (CBP) files this Answer and Affirmative Defenses to Plaintiff's Complaint. Defendant responds specifically to each numbered paragraph of the Complaint as follows:

**I.    Introduction and Nature of the Case**

1.    Paragraph 1 contains Plaintiff's characterizations of his claims, to which no response is required.

2.    Paragraph 2 contains Plaintiff's characterization of his claims, to which no response is required.

**II.    Parties**

3.    Paragraph 3 identifies Plaintiff and his counsel, statements to which no response is required.

4.    Paragraph 4 identifies Defendant. Defendant admits that United States Customs and Border Protection is a law enforcement agency within the United States Department of Homeland Security. Defendant makes no response to the statements of legal conclusion about

service contained within Paragraph 4, as no response is required. To the extent a response is required, denied.

### III.    Jurisdiction and Venue

5.    Paragraph 5 contains statements of legal conclusion about this Court's jurisdiction, to which no response is required.

6.    Paragraph 6 contains statements of legal conclusion about this Court's jurisdiction, to which no response is required.

7.    Paragraph 7 contains statements of legal conclusion about this Court's jurisdiction, to which no response is required.

8.    Paragraph 8 contains statements of legal conclusion about venue, to which no response is required.

9.    Paragraph 9 contains statements of legal conclusion about this Court's jurisdiction, to which no response is required.

### IV.    Facts

#### A.  Historical background

10.    Defendant admits the allegations in Paragraph 10.

11.    Defendant admits the allegations in Paragraph 11.

12.    Defendant admits the allegations in Paragraph 12.

13.    Defendant admits the allegations in Paragraph 13.

14.    Defendant admits that CBP personnel participated in the breach of the classroom where the gunman was located, which resulted in the gunman's death.

15.    Defendant admits that CBP personnel participated in the breach of the classroom where the gunman was located, which resulted in the gunman's death, and admits that the gunman

Defendant's Answer                                                                                        2

killed 19 children and 2 teachers and wounded 16 other people. Defendant denies the remaining allegations in Paragraph 15.

16.    Defendant admits the allegations in Paragraph 16.

17.    Defendant admits the allegations in Paragraph 17.

18.    Defendant admits that most of the on-scene CBP personnel provided short, preliminary statements to the Texas Rangers when asked.

### B. Procedural background

19.    Defendant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 19 and respectfully refers the Court to the charging document for a full and accurate statement of its contents.

20.    Paragraph 20 consists of statements of legal conclusion about the burden of Plaintiff's state court prosecutors. Defendant makes no response to these statements of legal conclusion, as none is required. To the extent a response is required, denied.

21.    Defendant lacks knowledge or information sufficient to form a belief about the allegations asserted against Plaintiff by the state court prosecutors, and makes no response to the statements of legal conclusion regarding the prosecutors' burden. To the extent a response is required, denied.

22.    Defendant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 22.

23.    Defendant admits that Plaintiff submitted a *Touhy* request to Defendant on February 9, 2026, and respectfully refers the Court to the request for a full and accurate statement of its contents.

24.    Defendant admits that Plaintiff's *Touhy* request included as attachments the Amended

Indictment in Cause 2024-06-16368-CR and an Affidavit of Matthew J. Hefti, and respectfully refers the Court to those documents for a full and accurate statement of their contents.

25.    Defendant admits that Andrew J. Block, who at the time was CBP Chief Counsel, denied Plaintiff's *Touhy* request by letter on February 26, 2026, and respectfully refers the Court to that letter for a full and accurate statement of its contents.

26.    Defendant admits that Andrew J. Block, who at the time was CBP Chief Counsel, denied Plaintiff's *Touhy* request by letter on February 26, 2026, and respectfully refers the Court to that letter for a full and accurate statement of its contents.

27.    Defendant respectfully refers the Court to Plaintiff's *Touhy* request for a full and accurate statement of its contents.

28.    Defendant denies the allegations in Paragraph 28.

29.    Defendant denies the allegations in Paragraph 29.

30.    Defendant respectfully refers the Court to Plaintiff's *Touhy* request, including its attachments, for a full and accurate statement of its contents.

31.    Defendant respectfully refers the Court to Plaintiff's *Touhy* request, including its attachments, for a full and accurate statement of its contents.

32.    Defendant denies the allegations in Paragraph 32.

33.    Defendant respectfully refers the Court to Plaintiff's *Touhy* request, including its attachments, for a full and accurate statement of its contents.

34.    Defendant respectfully refers the Court to Plaintiff's *Touhy* request, including its attachments, for a full and accurate statement of its contents.

35.    Defendant respectfully refers the Court to Plaintiff's *Touhy* request, including its attachments, for a full and accurate statement of its contents.

36.    Defendant denies the allegations in Paragraph 36.

37.    Defendant denies the allegations in Paragraph 37.

38.    Paragraph 38 contains a statement of legal conclusion regarding the regulation codified at 19 C.F.R. § 103.23(a)(3)(i), to which no response is required.

39.    Defendant respectfully refers the Court to Plaintiff's *Touhy* request, including its attachments, for a full and accurate statement of its contents.

40.    Defendant is without knowledge or information sufficient to form a belief about the burden on state court prosecutors in Plaintiff's criminal case. Defendant respectfully refers the Court to Plaintiff's *Touhy* request, including its attachments, for a full and accurate statement of its contents.

41.    Defendant admits that the 19 officers named in Plaintiff's *Touhy* request were present at Robb Elementary School on the date of the events referenced in the Request, and denies the remaining allegations in Paragraph 41.

42.    Defendant respectfully refers the Court to Plaintiff's *Touhy* request, including its attachments, for a full and accurate statement of its contents.

43.    Defendant denies the allegations in Paragraph 43.

44.    Defendant denies the allegations in Paragraph 44.

45.    Defendant denies the allegations in Paragraph 45.

46.    Paragraph 46 contains statements of legal conclusion about the regulation codified at 19 C.F.R. § 103.23, to which no response is required.

47.    Defendant admits the allegations in Paragraph 47.

48.    Defendant respectfully refers the Court to Plaintiff's *Touhy* request, including its attachments, for a full and accurate statement of its contents.

49.     Defendant respectfully refers the Court to Plaintiff's *Touhy* request, including its attachments, for a full and accurate statement of its contents.

50.     Defendant respectfully refers the Court to Plaintiff's *Touhy* request, including its attachments, for a full and accurate statement of its contents.

51.     Defendant respectfully refers the Court to Plaintiff's *Touhy* request, including its attachments, for a full and accurate statement of its contents.

52.     Defendant denies the allegations in Paragraph 52.

53.     Defendant admits the allegations in Paragraph 53.

54.     Defendant denies the allegations in Paragraph 54.

55.     Defendant denies the allegations in Paragraph 55.

56.     Defendant admits that 188 CBP employees were present at Robb Elementary School at some point during the events referenced in Plaintiff's *Touhy* request. Defendant denies the remaining allegations in Paragraph 56.

57.     Defendant respectfully refers the Court to Plaintiff's *Touhy* request, including its attachments, for a full and accurate statement of its contents.

58.     Defendant respectfully refers the Court to Plaintiff's *Touhy* request, including its attachments, for a full and accurate statement of its contents.

59.     Defendant respectfully refers the Court to Plaintiff's *Touhy* request, including its attachments, for a full and accurate statement of its contents. Defendant denies the remaining allegations in Paragraph 59.

60.     Defendant makes no response to the statements of legal conclusion in Paragraph 60, as no response is required. To the extent a response is required, Defendant admits that state court prosecutors have constitutional and other obligations to provide exculpatory and mitigating

information that is within their possession to Plaintiff and denies the remaining allegations in this Paragraph.

61.     Defendant makes no response to the statements of legal conclusion in Paragraph 61, as no response is required. To the extent a response is required, Defendant denies that its reasons for denying Plaintiff's *Touhy* request were unreasonable.

62.     Defendant admits the allegations in Paragraph 62.

63.     Defendant admits that all 19 requested witnesses were CBP employees in May 2022.

64.     Defendant admits that the 19 requested witnesses were present at Robb Elementary School at some point on the day of the events referenced in Plaintiff's *Touhy* request, and denies the remaining allegations in Paragraph 64.

65.     Defendant makes no response to the statements of legal conclusion in Paragraph 65, as no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

66.     Defendant denies the allegations in this Paragraph.

67.     Defendant incorporates its responses to the prior Paragraphs as if fully set forth herein.

68.     Defendant denies the allegations in this Paragraph.

69.     Defendant denies the allegations in this Paragraph.

70.     Defendant makes no response to the statements of legal conclusion in Paragraph 70, as no response is required.

71.     Defendant makes no response to the statements of legal conclusion in Paragraph 71, as no response is required.

72.     Defendant makes no response to the statements of legal conclusion in Paragraph 72, as no response is required.

73.    Defendant makes no response to the statements of legal conclusion in Paragraph 73, as no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

74.    Defendant denies the allegations in this Paragraph.

75.    Defendant denies the allegations in this Paragraph.

76.    Defendant denies the allegations in this Paragraph.

77.    Defendant denies the allegations in this Paragraph.

78.    Defendant denies the allegations in this Paragraph.

79.    Defendant denies the allegations in this Paragraph.

80.    Defendant incorporates its responses to the prior Paragraphs as if fully set forth herein.

81.    Defendant denies the allegations in this Paragraph.

82.    Defendant incorporates its responses to the prior Paragraphs as if fully set forth herein.

83.    Defendant makes no response to the statements of legal conclusion in Paragraph 83, as no response is required.

84.    Defendant makes no response to the statements of legal conclusion in Paragraph 84, as no response is required.

85.    Defendant makes no response to the statements of legal conclusion in Paragraph 85, as no response is required.

86.    Defendant makes no response to the statements of legal conclusion in Paragraph 86, as no response is required.

87.    Defendant makes no response to the statements of legal conclusion in Paragraph 87, as no response is required.

88.    Defendant makes no response to the statements of legal conclusion in Paragraph 88, as no

response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

89.     Defendant denies the allegations in this Paragraph.

90.     Defendant denies the allegations in this Paragraph.

91.     Defendant denies the allegations in this Paragraph.

92.     Defendant denies the allegations in this Paragraph.

93.     Defendant denies the allegations in this Paragraph.

94.     Defendant denies the allegations in this Paragraph.

95.     The final Paragraph of Plaintiff's Complaint sets out his request for relief, to which no response is required. Defendant denies that Plaintiff is entitled to any relief, and denies the allegations in Paragraph 95, including its subparts.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The Complaint is not in the public interest.

### Third Defense

Plaintiff failed to meet the CBP *Touhy* requirements pursuant to 19 C.F.R. §§ 103.21–103.27.

### Fourth Defense

Defendant did not act arbitrarily and capriciously.

### Fifth Defense

Plaintiff is not entitled to an order "requiring CBP to make the requested 19 employees available to testify for Mr. Arredondo's defense in *State of Texas v. Pete Arredondo*, Case No. 2024-06-16368-CR, 38th Judicial District, Uvalde County, Texas"; rather, the exclusive relief available is remand of the matter to CBP for further administrative review consistent with APA standards and the Court's decision. *See BizCapital Business & Indus. Development Corp. v. Comptroller of the Currency of the United States*, 467 F.3d 871 (5th Cir. 2006).

Dated: June 23, 2026

Respectfully submitted,

**Justin R. Simmons**
United States Attorney

By:   /s/ *Robert D. Green*
**Robert D. Green**
Texas Bar No. 24087626
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7362 (phone)
(210) 384-7312 (fax)
robert.green3@usdoj.gov

***Attorneys for Defendant***

---

Defendant's Answer                                                                           11