**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

PETE ARREDONDO,

    *Plaintiff*,

v.

UNITED STATES CUSTOMS AND
BORDER PROTECTION,

    *Defendant*.

Case No. 2:26-cv-00018-AM

**DEFENDANT'S CONSOLIDATED RESPONSE AND REPLY**

Defendant United States Customs and Border Protection (CBP) files this consolidated response to Plaintiff's cross-motion for summary judgment, ECF No. 11, and reply in support of Defendant's summary judgment motion, ECF No. 9.

**INTRODUCTION**

Plaintiff Pete Arredondo brings this Administrative Procedure Act (APA) challenge to Defendant's denial of his request to authorize the testimony of 19 Border Patrol agents at his upcoming criminal trial in state court. Defendant has moved for summary judgment. ECF No. 9. In his response and cross-motion for summary judgment, Plaintiff argues that the APA's deferential arbitrary and capricious standard of review does not apply following the Supreme Court's reversal of "*Chevron* deference" in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). This argument misunderstands the ruling in *Loper Bright*, which in fact reaffirmed that "[5 U.S.C. § 706(A)(2)] *does* mandate that judicial review of agency policymaking and factfinding be deferential." *Loper Bright*, 603 U.S. at 392 (emphasis in original).

In addition to arguments about the standard of review, Plaintiff's response and cross-

motion for summary judgment advances four primary arguments, none of which are availing.

*First*, Plaintiff argues that CBP's *Touhy* regulations cannot authorize the denial of a *Touhy* request, because the statute under which they are promulgated, 5 U.S.C. § 301, does not itself authorize the withholding of information. ECF No. 11 at 3–8. This argument misunderstands Section 301 and runs contrary to caselaw finding that the regulations "are valid and can lawfully bar employees from testifying" including by "restrict[ing] or deny[ing] the testimony of agency employees in criminal cases." *United States v. Blair*, 174 F.4th 1309, 1318 (11th Cir. 2026); *State v. Lueck*, No. 416CV00130ALMCAN, 2016 WL 11774020, at *5 (E.D. Tex. May 6, 2016) (*United States v. Wallace*, 32 F.3d 921, 929 (5th Cir. 1994)).

*Second*, Plaintiff argues that his rights as a criminal defendant under the Sixth and Fourteenth Amendments entitle him to testimony in state court from the federal agents whose testimony he claims will be material and favorable for his defense. But Arredondo's compulsory process right as a criminal defendant is limited to the jurisdictional limits of the state court in which he is being prosecuted—limits which do not extend into federal agencies shielded by federal sovereign immunity. *People v. Aguilera*, 50 Cal. App. 5th 894, 911 (Ca. Ct. App. 2020); *State of La. v. Sparks*, 978 F.2d 226, 235 & n.16 (5th Cir. 1992).

*Third*, Plaintiff argues that the agency's denial of his *Touhy* request is unreasonable and unsupported by the administrative record because he has articulated a "plausible theory" of how the testimony he requests would be helpful to his defense. ECF No. 11 at 10–17 (quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858, 873 (1982)). But where the United States is not prosecuting Arredondo, the *Valenzuela-Bernal* standard for compulsory process claims has no application, and does not replace the factors set out in the agency's *Touhy* regulations. For the reasons already explained in Defendant's summary judgment motion, ECF No. 9 at 10–17, the

agency properly applied the relevant factors enumerated in its *Touhy* regulations, 19 C.F.R. § 103.23(a)–(b), and reasonably denied Plaintiff's request.

***Fourth***, Plaintiff argues that this case presents the "rare circumstances" under which, if this Court finds Defendant incorrectly applied its *Touhy* regulations, the Court should not remand Plaintiff's *Touhy* request to the agency, but should instead directly compel the testimony of the 19 Border Patrol agents. This argument—once again premised on the mistaken belief that the APA decision under review is a constitutional one—runs contrary to Fifth Circuit law. *See BizCapital Business & Indus. Development Corp. v. Comptroller of the Currency of the United States*, 467 F.3d 871 (5th Cir. 2006).

## ARGUMENT

### A.  Standard of Review

Plaintiff raises a threshold argument that the appropriate standard for this Court's review of Defendant's *Touhy* denial is not the APA's deferential arbitrary and capricious standard, *see, e.g.*, *10 Ring Precision, Inc. v. Jones*, 722 F.3d 711, 723 (5th Cir. 2013), but the *de novo* standard applicable to interpretation of "constitutional and statutory provisions[.]" ECF No. 11 at 3 (quoting 5 U.S.C. § 706). Plaintiff reasons that this standard applies because he claims the agency's denial of his *Touhy* request implicates his constitutional rights as a criminal defendant. ECF No. 11 at 2–3. This argument incorrectly frames the agency decision under review. Defendant's consideration of Plaintiff's *Touhy* request does not implicate his constitutional rights as a criminal defendant at all, because the federal government is not prosecuting him. Defendant decided Plaintiff's *Touhy* request not by analyzing a constitutional or statutory provision, but by applying the factors enumerated in its *Touhy* regulations, 19 C.F.R. § 103.23(a)–(b). This application of the regulatory factors to Plaintiff's request was "[a]t bottom . . . a policy decision

about the best use of the agency's resources[.]'" *St. Vincent Med. Grp.*, 71 F.4th 1073, 1076 (7th

Cir. 2023) (quoting *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 278 (4th Cir. 1999)).

That finding is subject to review under the "highly deferential arbitrary and capricious standard

of judicial review" set out in 5 U.S.C. § 706(2)(A). *10 Ring*, 722 F.3d at 723. Under that

standard—which remains applicable even after *Loper Bright*, *see Seven Cnty. Infrastructure

Coal. v. Eagle Cnty., Colorado*, 605 U.S. 168, 179 (2025)[1]—this Court "may not substitute its

own policy judgment for that of the agency" and instead "simply ensures that the agency has

acted within a zone of reasonableness and, in particular, has reasonably considered the relevant

issues and reasonably explained the decision." *Fed. Commc'ns Comm'n v. Prometheus Radio

Project*, 592 U.S. 414, 423 (2021); *see also 10 Ring*, 722 F.3d at 723. In the *Touhy* context,

specifically, this standard means that "unless the [agency] unreasonably applies its *Touhy*

regulations, a federal court is powerless to compel its participation in state court discovery." *St.

Vincent*, 71 F.4th at 1075; *see also United States v. Ramos-Guerra*, No. 3:19-CR-0076, 2023 WL

1997420, at *10 (D.V.I. Feb. 14, 2023).

### B.  5 U.S.C. § 301 Does Not Prohibit Denial of Plaintiff's *Touhy* Request

Plaintiff again argues that, at least as applied to him, CBP's *Touhy* regulations cannot

authorize the denial of a *Touhy* request because the statute under which the regulations are

promulgated, 5 U.S.C. § 301, does not "authorize withholding information from the public or

limiting the availability of records to the public." ECF No. 11 at 3–8. Defendant has already

explained why CBP's *Touhy* regulations permit the agency to deny a *Touhy* request—including a

---

[1]  Plaintiff quotes at length from *Loper Bright* for the proposition that the APA "prescribes no deferential standard for courts to employ in answering . . . legal questions." ECF No. 11 at 3. But Plaintiff omits the sentence that follows in the *Loper Bright* opinion: that "Section 706 *does* mandate that judicial review of agency policymaking and factfinding be deferential." *Loper Bright*, 603 U.S. at 392 (emphasis in original) (citing 5 U.S.C. § 706(2)(A)).

request made by a state court criminal defendant—and are valid and consistent with 5 U.S.C. § 301. *See* ECF No. 9 at 17–18. Though Section 301 does not establish any independent privilege to withhold information, it codifies—as the Supreme Court's *Touhy* opinion confirmed—the discretion of federal agencies "to control the dissemination of information[,]" including by "prohibit[ing] disclosures" in some circumstances. *United States v. Williams*, 170 F.3d 431, 433 (4th Cir. 1999) (internal quotation marks omitted); *CF Indus., Inc. v. Dep't of Just. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 692 F. App'x 177, 181 (5th Cir. 2017).

Plaintiff's constitutional rights as a criminal defendant do not override the agency's discretion under *Touhy* and its progeny, and Plaintiff's challenge to the validity of CBP's *Touhy* regulations—either on their face under Section 301 or as applied to him—cannot overcome the controlling law under which "numerous . . . courts, including the Fifth Circuit, have applied *Touhy* regulations to restrict or deny the testimony of agency employees in criminal cases." *Lueck*, 2016 WL 11774020, at *5 (citing *Wallace*, 32 F.3d at 929 and collecting cases).

Plaintiff cites *United States v. Bryan*, 339 U.S. 323 (1950), and *Brown v. U.S. Department of Veterans Affairs*, Case No. 2:17-cv-1181-TMP, 2017 WL 3620253 (N.D. Ala., Aug. 23, 2017) for the proposition that a *Touhy* denial runs counter to a broad entitlement to "every man's evidence[.]" ECF No. 11 at 4. This argument fails to account for the federal sovereign immunity and federalism principles that form the basis for the *Touhy* doctrine. *See, e.g.*, *State of La. v. Sparks*, 978 F.2d 226, 235 & n.16 (5th Cir. 1992); *Lueck*, 2016 WL 11774020, at *5. Federal agencies are not required to overcome a presumption that every *Touhy* requester is entitled to "every man's evidence." That general principle, for which Plaintiff cites *Bryan*, 339 U.S. at 331,[2] is embodied in the availability of compulsory process to secure the

---

[2] *Bryan* is wholly distinct from this case: It did not discuss *Touhy* at all, and did not involve any request for information or testimony from a governmental entity or employee, but

testimony of unwilling witnesses. But, for the reasons explained below, the United States is not subject to the Sixth Amendment compulsory process rights of a criminal defendant being prosecuted by a sovereign other than the United States. Likewise, the United States's sovereign immunity means that it is not subject to the subpoenas or other compulsory process of state courts. *See Sparks*, 978 F.2d at 235 & n.16.

Plaintiff also argues that Defendant provides "no good reason" to withhold its evidence, but this line of argument departs entirely from the applicable standard of review. In considering Plaintiff's request, Defendant applied 19 C.F.R. § 103.23(a)–(b), which prescribes the "[f]actors [for] determining whether to disclose information pursuant to a demand." In reviewing the agency's application of those factors to Plaintiff's request, this Court considers only whether "the agency has acted within a zone of reasonableness and, in particular, has reasonably considered the relevant issues and reasonably explained the decision." *Fed. Commc'ns Comm'n v. Prometheus Radio Project*, 592 U.S. 414, 423 (2021); *St. Vincent*, 71 F.4th at 1075. In the course of that analysis, the agency need not identify, as Plaintiff claims, an "independent privilege." ECF No. 11 at 4.

### C. Plaintiff's Rights as a State Court Criminal Defendant do not Prohibit Denial of his *Touhy* Request

Plaintiff next argues that the denial of his *Touhy* request implicates his rights as a criminal defendant under the Sixth and Fourteenth[3] Amendments—specifically, his compulsory

---

rather made a passing reference to the Wigmore treatise in the context of a federal prosecution for failure to produce records subpoenaed by the House Committee on Un-American Activities. *Bryan*, 339 U.S. at 331. The other case on which Plaintiff relies, *Brown v. U.S. Department of Veterans Affairs*, Case No. 2:17-cv-1181-TMP, 2017 WL 3620253 (N.D. Ala., Aug. 23, 2017), is an out-of-circuit district court opinion that is not controlling and is irreconcilable with controlling Fifth Circuit law. *See, e.g.*, *Sparks*, 978 F.2d at 235; *Wallace*, 32 F.3d at 929.

[3]  The Fourteenth Amendment's due process clause applies to the states, not the federal government, *Douglass v. Nippon Yusen Kabushiki Kaisha*, 46 F.4th 226, 236 (5th Cir. 2022).

---

Defendant's Consolidated Response and Reply                                          6

process right[4] under the Sixth Amendment. ECF No. 11 at 8–10. Plaintiff further argues that, since the *Touhy* denial did not address his constitutional claim, it "entirely failed to consider an important aspect of the problem" and is therefore arbitrary and capricious. ECF No. 11 at 9–10.

These arguments fail to account for the separate sovereignty of the State of Texas, which is prosecuting Plaintiff, and the United States, which is not. In cases like the Fourth Circuit's *Guild* opinion cited by Plaintiff, a federal criminal defendant may argue that "a failure to disclose information under *Touhy* . . . violates the defendant's Sixth Amendment rights to present a defense where the defendant can show that the excluded testimony would have been both material and favorable to his defense." *United States v. Guild*, 341 F. App'x 879, 886 (4th Cir. 2009).[5] But where a state sovereign is prosecuting a defendant in *state* court, the due process

---

The Fifth Amendment's due process protections, which do apply to the federal government, are not implicated by the denial of Plaintiff's *Touhy* request as explained below.

[4] Defendant's summary judgment motion explained that, since "[the federal agency] ha[s] no role in [a] state court prosecution" and the state prosecutor's constitutional disclosure obligation therefore "does not give rise to a constitutional duty by [the federal agency]" under *Brady* or *Giglio* or similar state law disclosure requirements. ECF No. 9 at 18–19 (citing *Gulluni v. Levy*, 85 F.4th 76, 81 (1st Cir. 2023) and other cases). In response, Plaintiff appears to disavow any claim of entitlement to exculpatory information and accuses Defendant of attempting "to skirt the constitutional claim" by focusing on the "inapplicable . . . *Brady* context." ECF No. 11; *but cf.* ECF No. 1 at ¶¶ 59–60 (claiming that testimony from the 19 BPAs "is exculpatory" and that "Mr. Arredondo has a constitutional right to exculpatory information."). To the extent Plaintiff has not abandoned his *Brady*-based argument of entitlement to exculpatory information, it fails for the reasons explained in Defendant's summary judgment motion. ECF No. 9 at 18–19. To the extent that he now solely focuses on his due process and compulsory process arguments, those arguments are equally unavailing for the reasons explained above.

[5] In federal prosecutions when this scenario arises however, even when "the government's interest in protecting the information . . . must yield to the defendant's Sixth Amendment right" the federal government "may properly" "refuse[] to produce the information at issue[.]" *United States v. Rivera*, 412 F.3d 562, 569 (4th Cir. 2005). When this occurs, "the result is ordinarily dismissal" of the federal prosecution, though this rule would not apply against a state prosecuting sovereign based on the federal sovereign's denial of the state criminal defendant's *Touhy* request, since "the traditional jurisdictional limits of a state court, under our federal system, do not violate due process." *People v. Aguilera*, 50 Cal. App. 5th 894, 911 (Ca. Ct. App. 2020).

---

entitlement of the state court defendant to compulsory process is bounded by "the traditional jurisdictional limits of a state court"—limits which "under our federal system, do not violate due process." *People v. Aguilera*, 50 Cal. App. 5th 894, 911 (Ca. Ct. App. 2020).

"[T]he sixth amendment right to compulsory process does not give a defendant the right to compel the attendance of witnesses from beyond the court's jurisdiction" and does not apply as to witnesses "over whom [the state court] has no subpoena power." *State v. Bennett*, 324 Conn. 744, 757 (Conn. 2017); *Brown v. Breslin*, No. 02-CV-6044 (JBW), 2003 WL 22952841, at *7 (EDNY Nov. 26, 2003); *see also Com. v. Edgerly*, 6 Mass. App. Ct. 241, 256 n.6 (Mass. Ct. App. 1978) (noting that "[t]he constitutional right of compulsory process . . . only extends to in-State process"); *State v. Closterman*, 687 S.W.2d 613, 620 (Mo. Ct. App. 1985). As the Fifth Circuit has affirmed, federal sovereign immunity places federal agencies and their employees outside the subpoena power of state courts, *Sparks*, 978 F.2d at 235 n.16—which is why "numerous . . . courts, including the Fifth Circuit, have applied *Touhy* regulations to restrict or deny the testimony of agency employees in criminal cases." *Lueck*, 2016 WL 11774020, at *5. Since the compulsory process right of a state court defendant is limited to the jurisdictional limits of the state court—which do not extend to federal agencies and their employees—federal agencies reviewing *Touhy* requests from state criminal defendants need not undertake a constitutional analysis. CBP's denial of Arredondo's *Touhy* request is not arbitrary or capricious because CBP did not weigh that factor here.

### D. CBP's Denial of Plaintiff's *Touhy* Request was Reasonable and Should be Upheld

For the reasons already described in Defendant's summary judgment motion, *See* ECF No. 9 at 10–17, its application of the factors codified at 19 C.F.R. § 103.23(a)–(b) to Plaintiff's request was reasonable and should be upheld. In arguing otherwise, Plaintiff relies on the

Supreme Court's *Valenzuela-Bernal* standard for Sixth Amendment compulsory process claims, arguing that he need only advance a "plausible theory" of how the testimony would be helpful to establish his entitlement to it. ECF No. 11 at 10–17. But, as explained above, Plaintiff's *Touhy* request does not implicate the Sixth Amendment at all, so the *Valenzuela-Bernal* standard does not apply. The bulk of the argument advanced in Plaintiff's response, *see* ECF No. 11 at 10–17, is premised on this inapplicable standard.

Plaintiff's Response and Cross-Motion does, at points, address some of the relevant factors—though only three of Section 103.23(b)'s "[c]ircumstances under which disclosure will not be made[.]"[6] ECF No. 11 at 5–6. Plaintiff argues that CBP did not sufficiently explain how, under 19 C.F.R. § 103.23(b)(8), authorizing the testimony of the 19 BPAs would "unduly interfere with the orderly conduct of CBP business[.]" ECF No. 11 at 5. But the agency's response in fact explained precisely why this is so: because approval of the request would require CBP to make 19 BPAs (including at least one supervisory agent) "available before and during the trial, pulling them off duty, incurring travel costs, and lost work hours[.]" AR000061. Moreover, the review of this factor "should defer to the agency on how to best use its resources as they are in the best position to determine how much time and effort would be involved considering its ability to comply." *Benhoff v. United States Dep't of Just.*, No. 16CV1095-GPC(JLB), 2017 WL 840879, at *5 (S.D. Cal. Mar. 3, 2017).

Plaintiff faults Defendant for not specifying what aspects of his request would involve "disclosure of investigative techniques and procedures[,]" ignoring that the vagueness and open-endedness of the request was itself the problem. ECF No. 9 at 15–16.

---

[6] Plaintiff's Response and Cross-Motion does not discuss the Section 103.23(a) "general consideration" factors, which formed the primary basis for the agency's decision. The agency's application of those factors to Plaintiff's request was reasonable and should be upheld for the reasons already described in Defendant's summary judgment motion, *see* ECF No. 9 at 10–15.

Arguing against CBP's application of the 19 C.F.R. § 103.23(b)(9) factor, regarding the lack of agency "interest, records, or other official information regarding the matter in which disclosure is sought[,]" Plaintiff points to the agency's involvement in and possession of information about the Robb Elementary School shooting. ECF No. 11 at 6–7. But here, "the matter in which disclosure is sought" is the state court prosecution of Pete Arredondo, not the shooting.[7] To the extent that CBP has official information regarding the Robb Elementary School shooting, it has produced that information through its official report on the matter.

### E.  The Appropriate Remedy is Remand

Finally, Plaintiff argues that this case presents the "rare circumstances" under which this Court should compel Defendant to provide the testimony he has requested rather than remanding his request to the agency. ECF No. 11 at 17–18 (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). But this argument is premised on the same erroneous assumption as many of Plaintiff's other arguments—that review of his *Touhy* request requires an analysis of his rights as a state court criminal defendant and therefore amounts to a pure question of law subject to *de novo* review in this Court. As discussed above, it does not: The agency's application of its *Touhy* regulation factors to Plaintiff's request was "[a]t bottom . . . a policy decision about the best use of the agency's resources[,]'" *St. Vincent Med. Grp.*, 71 F.4th at 1076—one which this Court reviews under the "highly deferential arbitrary and capricious standard of judicial review" set out in 5 U.S.C. § 706(2)(A). *10 Ring*, 722 F.3d at 723. If, notwithstanding that deferential standard

---

[7]  Building on this mistaken framing of the Section (b)(9) factor, Plaintiff further reasons that, since the CBP OPR Report states that the BPAs lacked clear statutory authority to respond to the shooting and were not guaranteed representation by DOJ, the *Touhy* process should not apply at all and they should be required to testify in their personal capacities. ECF No. 11 at 7–8. It does not follow that federal agents who, while on duty, respond to an emergency situation without "any guarantee of federal representation," AR000120, are conclusively "solely in their personal capacities" under 19 C.F.R. § 103.23(g), or that their testimony about the events they witness while on duty in that context are "non-CBP information."

of review, this Court finds that the agency's decision was arbitrary and capricious, the proper remedy is to "set aside the agency's action and remand the case[.]" *BizCapital Bus. & Indus. Dev. Corp. v. Comptroller of Currency of U.S.*, 467 F.3d 871, 874 (5th Cir. 2006) (quoting *FEC v. Akins,* 524 U.S. 11, 25 (1998)). This procedure applies equally where "a reviewing court agrees that the agency misinterpreted the law[.]" *BizCapital*, 467 F.3d at 874.

## CONCLUSION

The Court should enter a summary judgment for Defendant.

Dated: July 16, 2026

Respectfully submitted,

**Justin R. Simmons**
United States Attorney

By:    /s/ *Robert D. Green*            
**Robert D. Green**
Texas Bar No. 24087626
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7362 (phone)
(210) 384-7312 (fax)
robert.green3@usdoj.gov

***Attorneys for Defendant***

Defendant's Consolidated Response and Reply                                    11